ANTONIO LAFONTAINE, SUBSTITUTED BY, ETC., Plaintiff, Appellee and Appellant, *v.* MUNICIPALITY OF RÍO GRANDE and PORTO RICAN AND AMERICAN INSURANCE CO., Defendants, Appellants and Appellees.

No. 11253. Argued March 2, 1955.—Decided June 29, 1956.

*Carmelo Ávila Medina* for appellant and appellee, Municipality of Río Grande. *Córdova & González* and *Héctor Martínez Muñoz* for appellant and appellee Porto Rican and American Insurance Co. *Carlos J. Ortiz* for appellee and appellant.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The Municipality of Río Grande appeals to us from a decision of the Superior Court of Puerto Rico, San Juan Part, holding it responsible for the physical damages and prejudice resulting from a collision between a garbage truck, property

of the Municipality, and a private vehicle in which plaintiff was travelling, and also from the pronouncement discharging the insurer from its obligation to answer for the insured because it was not notified of the accident on time. Plaintiff, in turn, appeals from the insufficiency of the compensation granted.

■ On appeal the Municipality assigns as error its lack of responsibility because of the way the accident occurred, and the possibility of contributory negligence on the part of the person driving the private vehicle, but we are satisfied that the conflict in the evidence was correctly settled by the trial court and also that its conclusion, to the effect that the accident was due solely to the negligent manner in which the employee of the Municipality was driving the garbage truck, is correct.

■■ The only two errors which we shall consider in detail are (1) the one referring to the fact that at the time of the accident the garbage truck was not being employed for any purpose incidental to the Municipality, and that the employee who was driving it was not acting within the scope of his employment, and (2) the one referring to the relief of the insurer from liability because of lack of diligence in notifying it of the accident.

The Municipality's version is that at the time of the accident the driver of the garbage truck was on his way to one of the wards of the municipality, on his own account, to help his friend move. But the evidence discloses other circumstances which undoubtedly must have impressed the mind of the judge; (1) the place of the accident is within the public sanitation district and not a zone outside garbage collection (tr. 97–98); (2) collection of garbage in those places is made on Thursdays or Fridays, once a week (tr. 97–98); (3) the accident took place on a Saturday (tr. 101); (4) the report of the accident was made by the Auditor of the Municipality according to the information supplied by the truck driver

himself (tr. 118) and (5) in that report the Mayor as well as the truck driver stated that on that day he was driving the insured truck while "collecting garbage," (exhibit 2 of plaintiff). Therefore, the trial court's conclusion that the accident took place in the ordinary course of the employer's work is not erroneous or contrary to the evidence. In a similar conflict between the report of the accident and the defendant's subsequent oral version we so held: *Quiñones* v. *Tropical Beverages*, 74 P.R.R. 338, 344 (Pérez Pimentel) (1953).

■ At the hearing of this case the Insurance Company devoted itself exclusively to establishing the fact that it was not timely notified of the accident by the insured. The accident took place on May 5, 1951, and the notice was given on October 8, 1951 (tr. 154). In the absence of a showing that the delay in notice of the accident caused the Company substantial damages—*Faulkner* v. *Nieves*, 76 P.R.R. 407, 412 (Marrero) (1954)—because the insurer was unable to promptly make the corresponding investigation and prepare its defense—*Landol* v. *Colón*, 78 P.R.R. 572, 575 (Snyder) (1955)—it is unquestionable that the trial court erred in holding that a late report of the accident was by itself sufficient to discharge the Insurance Company from liability.

■ The trial court considered that the amount of $1,500 was sufficient compensation for the fracture in the spiral of the right forearm suffered by plaintiff herein, with a shortening of her right arm which will not be compensated until possibly ten years after its calcification, for the loss of a school year and for the physical and moral damages that she suffered. Plaintiff appealed from this part of the judgment. It is unquestionable that the compensation awarded is altogether inadequate and that it should be increased to the sum of $4,200.

The judgment appealed from will be affirmed insofar as it declares the Municipality of Río Grande liable for the dam-

ages caused to plaintiff in the accident, and reversed insofar as it declares that the insurer, Puerto Rican American Insurance Co., should not be held liable for such damages because it was not timely notified of the accident and modified as to the amount of compensation awarded which is now fixed at the sum of $4,200.